HOOD LILES *v.* THE STATE.

(*Knoxville.* September Term, 1917.)

**WEAPONS. Carrying weapons. Manner of carrying.**

It is no defense to prosecution for carrying a pistol that it be an army or navy pistol, if carried concealed, instead of openly in the hand.

Cases cited and approved: Wehunt v. State, 136 Tenn., 223; Moorefield v. State, 73 Tenn., 348; Barton v. State, 66 Tenn., 105; Heaton v. State, 130 Tenn., 163.

---

FROM ANDERSON.

---

Appeal from the Criminal and Law Court of Anderson County.—XEN HICKS, Judge.

BURNETT & WALLACE, for appellant.

WM. H. SWIGGART, JR., for appellee.

MR. JUSTICE BUCHANAN delivered the opinion of the Court.

The indictment charged that Liles "did unlawfully carry a pistol, same not being an army or navy pistol carried openly in his hand."

On the trial the State introduced one witness who testified that on a certain occasion he saw what he took to be a pistol, or the butt of a pistol, in the defendant's

Liles v. State.

pocket while he was standing something like twenty-five or thirty yards away from witness.

The State also introduced another witness who testified that on the same occasion she saw the defendant drop a pistol from his pocket and pick it up immediately and put it back in his pocket. At the time she saw this she was twenty-five or thirty steps away from defendant, and was sitting in a buggy with her father, who was the witness first above named. Defendant, testifying in his own behalf, admitted his presence on the particular occasion, but said:

"I did not own a pistol at the time, nor had I owned one for twelve months prior thereto. At the time, I was standing and talking to William Striplin and Sam Hughes; I dropped a pint bottle, which I immediately picked up. It was a bottle the State's witnesses saw, and not a pistol."

The jury, however, who heard the evidence delivered by the witnesses reached the conclusion that it was a pistol the witnesses saw and not a bottle; at least we so surmise, since the verdict was, "guilty as charged." There was no other evidence.

One of the assignments of error made here is that the trial judge was in error in refusing to charge the jury at defendant's request as follows:

"The burden is on the State to prove, beyond a reasonable doubt, that the pistol alleged to have been carried was not an army or navy pistol carried openly in the hand, and if the proof fails to show that the pistol was not an army or navy pistol, you will acquit the defendant."

No other complaint is made of the charge, and the one made is not well founded. The argument made in support of it is that because it was held in *Wehunt v. State,* 136 Tenn. (9 Thomp.), 223, 188 S. W., 939, that it is necessary for the indictment or presentment to aver that the pistol was not an army or navy pistol carried openly in the hand; therefore the burden was on the State to prove such averment. So much may be conceded to be true, and it is also clear that the request would have been correct if it had not contained the last clause reading:

"And if the proof fails to show that the pistol was not an army or navy pistol, you will acquit the defendant."

With these words incorporated the request was properly refused. Mere absence of evidence tending to show that the pistol was not an army or navy pistol did not entitle defendant to an acquittal. There was no evidence tending to show a carrying of the pistol openly in the hand. The undisputed trend of the evidence was that the pistol was carried in the pocket, and when it fell out was picked up and put back in the pocket. If no pistol was carried openly in the hand, then no army or navy pistol was so carried, and if a pistol was carried in the pocket whether army, or navy, or other kind, it was a violation of the statute if carried with "a view of being armed and ready for offense or defense in case of conflict with a citizen." *Moorefield v. State,* 73 Tenn. (5 Lea), 348; *Barton v. State,* 66 Tenn. (7 Baxt.), 105; *Heaton v. State,* 130 Tenn. (3 Thomp.), 163, 169 S. W., 750.

There is no error in the record and the judgment is affirmed.